**FILED**

**FEBRUARY 8, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**08 C 852**

| | |
|---|---|
| MAMI F. DUHADWAY, <br> individually and on behalf of a class | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) <br> ) |
| CREDIGY RECEIVABLES, INC.; <br> CREDIGY SERVICES CORP.; | ) <br> )    JURY DEMANDED <br> ) |
| Defendants. | ) <br> ) |

**JUDGE HIBBLER
MAGISTRATE JUDGE SCHENKIER**

### COMPLAINT – CLASS ACTION

### INTRODUCTION

1.    Plaintiff Mami F. DuHadway brings this action to secure redress against unlawful credit and collection practices engaged in by defendants Credigy Receivables, Inc. ("CRI") and Credigy Services Corp. ("CSC")  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").  The FDCPA broadly prohibits unfair or unconscionable collection methods;  conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

3.    Venue and personal jurisdiction over defendants in this District is proper because defendants' collection activities impacted plaintiff here.

### PARTIES

4.    Plaintiff Mami F. DuHadway is an individual who resides in Cook County, Illinois.

1

5.      Defendant CRI is a Nevada corporation with offices at 3950 Johns Creek Court, Suwanee, GA 30024.  Its registered agent and office for purposes of service are Registered Agents Legal Services, 202 N. Curry St., Suite 100, Carson City, NV 89703.

6.      Defendant CRI is engaged in the sole business of purchasing charged-off debts originally owed (if at all) to others.

7.      Between August 1, 2006 and the present, CRI has been the plaintiff in more than 150 collection lawsuits pending in the Illinois courts.

8.      Defendant CRI is a debt collector as defined in the FDCPA.

9.      Defendant CRI pays an average of less than 5 cents on the dollar for the debts it purchases.

10.      Defendant CSC is a corporation chartered under Georgia law with offices at  3950 Johns Creek Court, Suwanee, GA 30024.

11.      CSC's registered agent and office are Registered Agent, Ltd., 1201 W. Peachtree St., Suite 3500, Atlanta, GA 30309.

12.      Defendant CSC uses the mails and telephones to collect debts allegedly owned by CRI.

13.      Defendant CSC holds an Illinois collection agency license.

14.      Defendant CSC is, on information and belief (based on testimony given by Credigy personnel in other cases), "master servicer" for CRI and provides all servicing for debts allegedly owned by CRI.

15.      Defendant CSC is a debt collector as defined in the FDCPA.

## FACTS

16.      Defendants have been attempting to collect from plaintiff an old, time-barred credit card debt incurred for personal, family or household purposes and not for business purposes.

17.      Most of the debts which CRI purchases are credit card debts.

18.    CRI holds in excess of 100 credit card debts allegedly owed by Illinois residents with respect to which the later of the date of last payment or date of delinquency, according to defendants' records, is more than five years old.

19.    Most of the credit card debts that defendants attempt to collect from Illinois residents are debts with respect to which the later of the date of last payment or date of delinquency, according to defendants' records, is more than five years old.

20.    Such debts are subject to a statute of limitations defense.

21.    Defendants are generally unable to prove title to claimed debts.

22.    Defendants are generally unable to prove the interest they claim on debts.

23.    On August 13, 2007, CSC sent plaintiff, on behalf of CRI, the letter attached as Exhibit A.

24.    Exhibit A was the first letter that plaintiff received from CSC or CRI regarding the debt.

25.    On information and belief, Exhibit A was the first letter that defendants sent plaintiff regarding the debt described therein.

26.    On or about August 22, 2007, plaintiff sent defendant the letter attached as Exhibit B.

27.    Plaintiff disputes whether either of the defendants owns any debt of hers. Plaintiff disputes the amount claimed, which she contends is inflated with fictitious interest charges not authorized by any agreement.  Plaintiff contends that the debt is barred by the five-year statute of limitations.

28.    At no time has either defendant provided the information about the debt requested by plaintiff in her letter of August 22, 2007.

29.    On September 6, 2007, CSC sent plaintiff, on behalf of CRI, the letter attached as Exhibit C.

30.    Exhibit C does not contain any of the information requested by plaintiff.

31.    On November 14, 2007, CSC sent plaintiff, on behalf of CRI, the letter attached as Exhibit D, relating to the same debt as Exhibits A-C.

32.    During December 2007, defendants reported the claimed debt to multiple credit reporting agencies, including Trans Union and Experian and Equifax, with the notation "Dispute resolved reported by grantor." Copies of the tradelines are attached as Exhibit E (Trans Union), Exhibit F (Experian) and Exhibit G (Equifax).

33.    Defendants did not report the debt as presently disputed.

34.    The statement that the dispute had been resolved was false.

35.    Defendants had no basis for the statement that the dispute had been resolved.

36.    Plaintiff had not acknowledged or paid defendants' claimed debt and continues to dispute it.

37.    Defendants routinely report to credit reporting agencies that disputes had been resolved when they furnish to consumers who dispute debts correspondence in the form represented by Exhibit C.

38.    Defendants report debts to credit reporting agencies for the purpose of coercing putative debtors into paying money. Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a credit card debt to a CRA is a "powerful tool designed, in part, to wrench compliance with payment terms from its cardholder").

39.    Defendants falsely report that disputes have been resolved in order to adversely impact the credit of the subjects of the report.

### VIOLATION ALLEGED

40.    In light of the numerous defenses consumers have to defendants' debts, it is a false statement for defendants to report that a dispute has been "resolved" unless (a) the debtor acknowledges the largest claimed amount of the debt in writing or (b) the debtor pays the largest claimed amount of the debt.

4

41.    By reporting that disputes have been "resolved" and that debts are no longer disputed under any other circumstances, defendants violated 15 U.S.C. §§1692e, 1692e(2), 1692e(8), and 1692e(10).

42.    Section 1692e provides:

**§ 1692e.    False or misleading representations [Section 807 of P.L.]**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . ..

(2)    The false representation of--

(A)    the character, amount, or legal status of any debt; . . .

(8)    Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

### CLASS ALLEGATIONS

43.    Pursuant to Fed. R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

44.    The class consists of (a) all natural persons (b) in Illinois ( c) with respect to whom defendants, or any of them, have reported to a consumer reporting agency that a dispute has been resolved, (d) where the debtor has not acknowledged in writing the largest amount claimed by defendants or paid the largest amount claimed by defendants, (e) and such a report has been made during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

45.    The class is so numerous that joinder is impracticable.

46.    On information and belief, there are more than 50 (a) natural persons (b) in Illinois ( c) with respect to whom defendants, or any of them, have reported to a consumer

reporting agency that a dispute has been resolved, (d) where the debtor has not acknowledged in writing the largest amount claimed by defendants or paid the largest amount claimed by defendants, (e) and such a report has been made during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

47.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.  The predominant common questions are whether defendants make false statements to consumer reporting agencies.

48.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

49.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

50.     A class action is superior to other alternative methods of adjudicating this dispute.  Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.     Statutory damages;

b.     Attorney's fees, litigation expenses and costs of suit;

c.     Such other or further relief as the Court deems proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603

(312) 739-4200
(312) 419-0379 (FAX)

## **JURY DEMAND**

Plaintiff demands trial by jury.

_____
Daniel A. Edelman

### NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\20714\Pleading\Complaint_Pleading.wpd

8

**EXHIBIT A**

*Mailing Service Return Address Only*

# CREDIGY SERVICES CORP.

PO Box 2689 • Suwanee, GA  30024

4098140P

73 167 00018857 474677

PO Box 18070
Hauppauge, NY 11788-8870
RETURN SERVICE REQUESTED

Redacted

866-990-9972

08/13/2007

MAMI FURUKATA DUHADWAY

| | |
|---|---|
| Our Client/Current Creditor: | CREDIGY RECEIVABLES INC. |
| Original Creditor: | MBNA |
| Original Account Number: | |
| Balance as of today: | $15,238.39 |

I am writing on behalf of our client CREDIGY RECEIVABLES INC., regarding the above referenced account purchased from FIRST SELECT, INC. and originally issued by MBNA identified above.  Our firm has been engaged to collect this unpaid account, together with all applicable accrued and accruing interest if permitted by law or contract.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.  IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION.  IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.  **NOTICE:  PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

▼ Detach Here ▼     *** Please detach And Return Bottom Portion With Payment ***     ▼ Detach Here ▼

"I want to settle this Account!"
Settlement Offer

CREDIGY RECEIVABLES INC. is willing at this time to accept a payment of $12,952.63 which represents 85% of your outstanding balance as a settlement in full on your former MBNA account (Account No.                    ) now owned by CREDIGY RECEIVABLES INC. (Account No.              ).  If you would like to accept this offer, please sign the bottom of this letter and return the letter to our office with your payment within 45 days after you receive this letter.  Your willingness to accept or not accept this proposal does not affect your right to dispute the validity of all or a portion of this debt or request the name and address of the original creditor as set forth above.

I understand that I owe the balance listed above, and I intend to repay it by accepting your settlement offer.

Signed: _____        Dated: _____

MAMI FURUKATA DUHADWAY
(Account No.                )

Important:  If you are unable to accept or take advantage of this offer, do not ignore this letter.  Please contact our office at 866-990-9972 to discuss acceptable payment arrangements.

**This is a communication from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.**

DD02_CSC.V1
CRD.WFD
s474677

**EXHIBIT B**

August 22, 2007                                          Mami Furukata DuHadway

Credigy Services Corp.
POBox 2689, Suwanee, GA 30024                            Redacted

**Mailed Certified with Return Receipt Requested**

Re: MBNA
Original Account Number: ███████████████
Balance as of today, your claimed date of 08/13/2007: $15,238.39

Ladies/ Gentlemen:

Please be advised that I dispute the claimed debt described above.

Please provide any contract or agreement I signed and an account history showing how you arrived at the conclusion that I owe the amounts claimed and when this alleged debt was charged off.

Furthermore, you are hereby requested, as required by the Uniform Commercial Code, to provide copies of assignments and other documents showing that you or your principal is in fact the assignee of the debt described above and that you are legally authorized to attempt to collect the claimed debt from me.

Unless and until such proof is furnished, I do not recognize any right on your part to attempt to collect any amount from me through any means whatever, including credit reporting. I refuse to pay any debt which has not been substantiated in the manner I request and direct you to cease further communications unless and until you can provide such substantiation.

Thank you.

Sincerely,

Mami Furukata DuHadway

Enclosure: A copy of your letter dated 08/13/2007

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

SUWANEE GA 30024

| | |
|---|---|
| Postage | $ 4.60 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ 9.40 |

Postmark Here

30076 SKOKIE IL 60076
AUG 23 2007
USPS 08/23/2007

Sent To *Credigy Services Corp.*
Street, Apt. No.; or PO Box No. *PO BOX 2689*
City, State, ZIP+4 *Suwanee, GA 30024*

7007 0220 0002 6799 9707

PS Form 3800, August 2006

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Credigy Services Corp.
PO Box 2689
Suwanee, GA 30024*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Guy Logan*   ☑ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
*Guy Logan*   *8/28/07*

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7007 0220 0002 6799 9707

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**<u>EXHIBIT C</u>**



# CREDIGY™

P.O. Box 2689 Suwanee, GA 30024
Phone: 866.204.3457 Fax: 678.728.7170

September 6, 2007

VIA U.S. MAIL

MAMI FURUKATA DUHADWAY

███████████████

**Redacted**

Re:    *Credigy Receivables Inc. Account No.* ████████████
       *Formerly known as First Select Account No.* ████████████
       *Original Creditor as MBNA Account No.* ████████████

Dear MAMI FURUKATA DUHADWAY:

I am writing on behalf of Credigy Service Corp. ("Credigy") in response to your prior correspondence.  Please note that an account validation letter was previously sent to you. Accordingly, we are enclosing an Account Verification Statement to assist you in tracking the history of the account listed above and the corresponding account balance as of September 6, 2007.  This account was formerly owned by MBNA before being duly assigned to First Select, and is now owned by Credigy Receivables Inc.

We appreciate the opportunity to provide assistance to you.  For further inquiries, please feel free to call one of our representatives at (866) 204-3457.

Sincerely,

Charlie Perkins
Dispute Resolution Department

The above amount represents goods and/or services purchased via a credit account extended to the account holder by the original creditor listed above that has been duly assigned to CREDIGY RECEIVABLES INC.

**THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

# ACCOUNT VERIFICATION STATEMENT

**Our records indicate that you may have previously had a question regarding your account. This account verification statement is being provided to you in response to your previous inquiry or dispute.**

Account Holder:    MAMI FURUKATA DUHADWAY,    SS#: ███████

███████████████

Redacted

Re:    Credigy Receivables Inc. Account #: █████████
       Former First Select Account #: ████████████

### *ACCOUNT HISTORY*

Original Creditor:                              MBNA
Original Account Number:                        ████████████████
Date Account Established:                       October 21, 1994
Original Creditor's Address:                    P.O. Box 15026
                                                Willmington, DE 19850-5026


Original Creditor Balance at Assignment:        $6,230.94
Assignee:                                       First Select
Assignee's Address:                             201 Mission Street
                                                San Francisco, CA 94105


Balance at Purchase:                            $6,230.94
Current Owner of Account:                       Credigy Receivables Inc.
Current Owner Address:                          3950 Johns Creek Court, Suite 100
                                                Suwanee, GA 30024

Current Balance:                                $15,238.39 as of September 6, 2007
Customer Service Phone Number:                  (866) 204-3457


The above amount represents goods and/or services purchased via a credit account extended to the account holder by the original creditor listed above that has been duly assigned to CREDIGY RECEIVABLES INC.

**EXHIBIT D**

*a copy of the*

# CREDIGY SERVICES CORP.

PO Box 2689 • Suwanee, GA 30024

445755bP

.245 471 00069340 496619



PO Box 18070
Hauppauge, NY 11788-8870
RETURN SERVICE REQUESTED

**Redacted**

866-990-9972

11/14/2007

MAMI FURUKATA DUHADWAY

| | |
|---|---|
| Our Client/Current Creditor: | CREDIGY RECEIVABLES INC |
| Original Creditor: | MBNA |
| Original Account Number: | |
| Balance as of today: | $15,940.26 |

   I am writing on behalf of our client CREDIGY RECEIVABLES INC., regarding the above referenced account purchased from FIRST SELECT, INC. and originally issued by MBNA identified above.  Our firm has been engaged to collect this unpaid account, together with all applicable accrued and accruing interest if permitted by law or contract.

   UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.  IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION.  IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.  **NOTICE:  PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

▼ Detach Here ▼    *** Please detach And Return Bottom Portion With Payment ***    ▼ Detach Here ▼

"I want to settle this Account!"

Settlement Offer

CREDIGY RECEIVABLES INC. is willing at this time to accept a payment of $10,361.17 which represents 65% of your outstanding balance as a settlement in full on your former MBNA account (Account No.    ) now owned by CREDIGY RECEIVABLES INC. (Account No.    . If you would like to accept this offer, please sign the bottom of this letter and return the letter to our office with your payment within 45 days after you receive this letter.  Your willingness to accept or not accept this proposal does not affect your right to dispute the validity of all or a portion of this debt or request the name and address of the original creditor as set forth above.

   I understand that I owe the balance listed above, and I intend to repay it by accepting your settlement offer.

Signed: _____    Dated: _____

   MAMI FURUKATA DUHADWAY
   (Account No.   )

   Important:  If you are unable to accept or take advantage of this offer, do not ignore this letter.  Please contact our office at 866-990-9972 to discuss acceptable payment arrangements.

**This is a communication from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.**

DD02_CSCCR.V1
CRD.WFD
s496619

**<u>EXHIBIT E</u>**

## CREDIGY # ████████████

3950 JOHNS CREEK C
SUITE 100
SUWANEE , GA 30024
(866) 204-3457

| | | | |
|---|---|---|---|
| **Balance:** | $15,940 | **Pay Status:** | >Collection Acco |
| **Date Updated:** | 11/2007 | **Account Type:** | Open Account |
| **Original Balance:** | $6,231 | **Responsibility:** | Individual Accour |
| **Original Creditor:** | 01 MBNA | **Date Closed:** | 07/2002 |
| **Past Due:** | >$15,940< | | |

**Loan Type:** Factoring Company Account
**Remark:** Dispute resolved reported by grantor
**Date placed for collection:** [ 12/2002]
**Estimated date that this item will be removed:**   12/2008

Redacted

**EXHIBIT F**

Redacted

🌐 **This item is currently being investigated.**
<u>CREDIGY RECEIVABLES</u> 🌐
**Account Number:** ████████████
**DateOpened:** 12/2002
**Status:** Collection account.

| AnnualCreditReport.com | ⟩ Return to AnnualCreditReport.com | ⟩ Frequently Asked Questions | ⟩ Contact AnnualCreditR |

 **Experian**
A world of insight

| Logout | Report Summary | Potentially Negative Items | Accounts in Good Standing | Requests for Your Credit History | Personal Information | Your Personal Statement | Get Credit Monitor |

## Potentially Negative Items or Items for Further Review

⊘ What does potentially negative or items for further review mean?    ⊘ What if I feel there is a

Experian credit report prepared for
**MAMI DUHADWAY**

Your report number is
~~████████~~

*Redacted*

**Credit Report Toolki**
Print your report
Credit Education
Know your rights
Credit Fraud Center

Report date: **January 13, 2008**



**Item Detail**

Dispute this

**CREDIGY RECEIVABLES**

**Address:**
3950 JOHNS CREEK CT STE
SUWANEE, GA 30024
*No phone number available*

**Account Number:**
~~████████~~

**Original Creditor**
MBNA

**Status:**
Collection account. $16,176 past due as of Dec 2007.

| **Date Opened:** 12/2002 | **Type:** Installment | **Credit Limit:** $6,231 |
| **Date of Status:** 01/2006 | **Terms:** 1 Months | **High Balance:** NA |
| **Reported Since:** 01/2006 | **Monthly Payment:** $0 | **Recent Balance:** $16,176 |
| **Last Reported Date:** 12/2007 | **Responsibility:** Individual | **Recent Payment** $0 |

**Your Statement:**
Account previously in dispute - now resolved, reported by credit grantor.

Add a stater

**EXHIBIT G**

Consumer Credit Report for MAMI F. DUHADWAY

| | |
|---|---|
| File Number: | ~~Redacted~~ |
| Page: | 2 of 9 |
| Date Issued: | 01/01/2008 |

## Adverse Accounts

The following accounts contain information which some creditors may consider to be adverse. Adverse account information may generally be reported for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been printed in brackets or is shaded for your convenience, to help you understand your report. They are not bracketed or shaded this way for creditors. (Note: The account # may be scrambled by the creditor for your protection).

Redacted

**CREDIGY**  #████████████
3950 JOHNS CREEK C
SUITE 100
SUWANEE, GA 30024
(866) 204-3457

| | |
|---|---|
| Balance: | $15,940 |
| Date Updated: | 11/2007 |
| Original Amount: | $6,231 |
| Original Creditor: | 01 MBNA |
| Past Due: | >$15,940< |

| | |
|---|---|
| Pay Status: | >COLLECTION ACCOUNT< |
| Account Type: | OPEN ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Closed: | 07/2002 |

**Loan Type:** FACTORING COMPANY ACCOUNT
**Remarks:** DISP RESLVD RPRTD BY GRANTOR
**Date placed for collection:** 12/2002
**Estimated date that this item will be removed:** 12/2008

01420 00119 004 C692