**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAMI F. DUHADWAY, individually and on behalf of a class | ) ) ) | 08-cv-852 |
| Plaintiff, | ) ) ) | Judge Hibbler Magistrate Judge Schenkier |
| v. | ) ) | |
| CREDIGY RECEIVABLES, INC.; CREDIGY SERVICES CORP.; | ) ) ) | JURY DEMANDED |
| Defendants. | ) | |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

Plaintiff respectfully requests that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against defendants Credigy Receivables, Inc. ("CRI") and Credigy Services Corp. ("CSC"). Plaintiff defines the class as (a) natural persons (b) in Illinois (c) with respect to whom defendants, or any of them, have reported to a consumer reporting agency that a dispute has been resolved, (d) where the debtor has not acknowledged in writing the largest amount claimed by defendants or paid the largest amount claimed by defendants, (e) and such a report has been made during a period beginning February 8, 2007 ( a date one year prior to the filing of this action) and ending February 28, 2008 (a date 20 days after the filing of this action).

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiff states:

**NATURE OF THE CASE**

1. This case concerns a standard practice of defendants CRI and CSC, wherein defendants routinely report to credit bureaus that a dispute concerning a debt has been

---

[1]Exhibits referenced are attached to Memorandum in Support of Plaintiff's Motion for Class Certification.

"resolved" without (a) the debtor acknowledging the largest claimed amount of the debt in writing or (b) the debtor paying the largest claimed amount of the debt.

2.  The facts giving rise to the violation are illustrated by those of the plaintiff. On August 13, 2007, CSC sent plaintiff, on behalf of CRI, the letter attached as <u>Exhibit A</u>.

3.  On or about August 22, 2007, plaintiff sent defendant the letter attached as <u>Exhibit B</u>. Plaintiff disputes whether either of the defendants owns any debt of hers. Plaintiff disputes the amount claimed, which she contends is inflated with fictitious interest charges not authorized by any agreement. Plaintiff contends that the debt is barred by the five-year statute of limitations.

4.  At no time has either defendant provided the information about the debt requested by plaintiff in her letter of August 22, 2007.

5.  During December 2007, defendants reported the claimed debt to multiple credit reporting agencies, including Trans Union and Experian and Equifax, with the notation "Dispute resolved reported by grantor." Copies of the tradelines are attached as <u>Exhibit E</u> (Trans Union), <u>Exhibit F</u> (Experian) and <u>Exhibit G</u> (Equifax).

6.  Defendants did not report the debt as presently disputed.

7.  The statement that the dispute had been resolved was false. Defendants had no basis for the statement that the dispute had been resolved. Plaintiff had not acknowledged or paid defendants' claimed debt and continues to dispute it.

8.  Defendants routinely report to credit reporting agencies that disputes had been resolved when they furnish to consumers who dispute debts correspondence in the form represented by <u>Exhibit C</u>.

9.  Defendants report debts to credit reporting agencies for the purpose of coercing putative debtors into paying money. <u>Rivera v. Bank One</u>, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a credit card debt to a CRA is a "powerful tool designed, in part, to

wrench compliance with payment terms from its cardholder").

10. Defendants falsely report that disputes have been resolved in order to adversely impact the credit of the subjects of the report.

11. Plaintiff alleges that the misstatement described above violates the FDCPA as constituting a "false, deceptive, or misleading representation or means in connection with the collection of any debt" (§1692e), a false representation of the "character, amount, or legal status" of the debt (§1692e(2)(A)), the communication of credit information to any person which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed (§1692e(8)), and "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" (§1692e(10)).

**CLASS CERTIFICATION REQUIREMENTS**

12. All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

13. It is reasonable to infer from defendants' use of a standard practice that the number of class members exceeds the approximately 40 required for certification. The volume of defendants' collection activities is shown by the fact that between August 1, 2006 and the present, defendant CRI has been the plaintiff in more than 150 collection lawsuits pending in the Illinois courts. (Exhibit H)

14. Plaintiff will obtain the exact number of class members through discovery, and requests a briefing schedule long enough to obtain such information.

15. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The primary question is whether defendant's practice violates the FDCPA.

16. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

17. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases. (Exhibit I)

18. A class action is superior to other alternative methods of adjudicating this dispute, in that:

   a. Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute.

   b. A class action is necessary to determine that defendant's conduct is a violation of law and bring about its cessation.

19. In further support of this motion, plaintiff submits the accompanying memorandum of law.

20. Plaintiff is filing a class certification motion at this time because of the decision in White v. Humana Health Plan, Inc., 06 C 5546, 2007 U.S.Dist. LEXIS 32263 (N.D.Ill., May 2, 2007).

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on March 31, 2008, the foregoing document was filed electronically. A copy of the foregoing document was sent via U.S. Mail to a process server for delivery on the following individuals:

**Credigy Receivables, Inc.**
c/o Registered Agent
Registered Agents Legal Services
202 N. Curry St., Suite 100
Carson City, NV 89703

**Credigy Services Corp.**
c/o Registered Agent
Registered Agent, Ltd.
1201 W. Peachtree St., Suite 3500
Atlanta, GA 30309

s/ Daniel A. Edelman
Daniel A. Edelman