# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAMI F. DUHADWAY, | ) | |
| individually and on behalf of a class | ) | 08-C-852 |
| | ) | |
| Plaintiff, | ) | Judge Hibbler |
| | ) | Magistrate Judge Schenkier |
| v. | ) | |
| | ) | |
| CREDIGY RECEIVABLES, INC.; | ) | |
| CREDIGY SERVICES CORP.; | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS SETTLEMENT AGREEMENT

The parties to this Class Settlement Agreement ("Agreement") are Plaintiff Mami F. DuHadway ("Plaintiff or DuHadway"), individually and on behalf of the class of persons defined in Section F, below, (the "Class") and Defendants Credigy Receivables, Inc. and Credigy Services Corp., ("Defendants") as listed in Section E, below.

## RECITALS

A.      **Cases, Parties and Nature of the Litigation**.

Plaintiff, individually and on behalf of a class, filed the above captioned action in the United States District Court for the Northern District of Illinois, Eastern Division, entitled *Mami F. DuHadway, individually and on behalf of a class, v. Credigy Receivables, Inc., and Credigy Services Corp.,* Case No. 08 C 852 (the "Litigation"). Plaintiff alleged that Defendants reported to the credit reporting agencies that her dispute of a debt that Defendants had been attempting to collect had been resolved. Plaintiff claimed that Defendants' statement to the credit bureaus was a false statement in violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.

1

(FDCPA).

**B.     Compromise of Disputed Claims.**

1.     Defendants deny liability to Plaintiff and the Class for the claims alleged, but consider it desirable that the Litigation and the claims alleged therein be settled upon the terms and conditions set forth in this Agreement, in order to avoid further expense and burdensome, protracted litigation, and to put to rest all claims, known or unknown, that have been or might be asserted by Plaintiff or the Class members against Defendants.

2.     Plaintiff, individually and on behalf of  the Class, desires to settle her claims against Defendants, having taken into account through her counsel the risks, delay and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be further protracted and expensive.

3.     Counsel for Plaintiff and the Class have investigated the facts available to them and the applicable law.

4.     Based on the foregoing, and upon an analysis of the benefits which this Agreement affords the Class, counsel for the Class consider it to be in the best interest of the Class to enter into this Agreement.

5.     In consideration of the foregoing and other good and valuable consideration, Plaintiff, counsel for the Class, and Defendants stipulate and agree that the claims of Plaintiff and the Class against Defendants in the Litigation should be and are hereby compromised and settled, subject to the approval of the court, upon the following terms and conditions.

**C.     Terms**

1.     Effective Date. This Agreement shall become effective (hereinafter the "Effective

Date") upon (1) the Court's entry of a final order approving this Agreement as fair, reasonable and adequate to the class; dismissing the claims of Plaintiffs and the Class against Defendant and its agents with prejudice; and (2) the expiration of five (5) days after the time the final order, judgment and decree becomes a final, non-appealable order, or if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such final order, judgment and decree, which disposition approves the Court's final order, judgment and decree, the terms and provisions of this Agreement, and the consummation of the settlement in accordance with the terms and provisions of this Agreement.

### D.    Class Representative

The Plaintiff and Class Representative is Mami F. DuHadway.

### E.    The Defendants

The Defendants are Credigy Receivables, Inc., and Credigy Services Corp.

### F.    The Class

Solely for the purpose of this Agreement and its implementation, and without in any way conceding the certifiability of a class for litigation purposes (which Defendants expressly deny), Plaintiff and Defendants stipulate to the certification of a class, pursuant to Federal Rule of Civil Procedure 23(b)(3), consisting of:

(a) all persons (b) in Illinois (c) with respect to whom defendants, or any of them, have reported to a consumer reporting agency that a dispute has been resolved, (d) where the debtor has not acknowledged in writing the largest amount claimed by defendants or paid the largest amount claimed by defendants, (e) and such a report has been made during a period beginning February 8, 2007 and ending February 28, 2008.

Defendants estimate based on their electronic records that the Class consists of 538 persons.

### G.    Relief to Plaintiffs and the Class.

1.    On the Effective Date, Defendants agree to pay $1,000 to Plaintiff in settlement of

3

her individual claim and for her statutory damages. In addition, Defendants agree (a) to release

and cease collecting the debt alleged owed to MBNA (MBNA Account #5329031284217989 and

Credigy Account # 10335507 hereafter "MBNA debt"), (b) to not sell the MBNA debt, and (c) to

request the credit reporting agencies delete the Defendants' tradeline, if any, for the MBNA debt

from                         Plaintiff's                    credit                      reports.

2.      Defendant shall create a Class settlement fund of eight thousand dollars ($8,000)

to be paid out on a pro rata basis to any member of the Class who timely submits a claim form.

The distribution will be in the form of a check, which will become void sixty dates from the date

of issue. The date of issue shall be the same date as the date the check is mailed to each

participating class member. Payment to participating Class members will be made by the

Effective Date.

3.      Any checks that have not been cashed sixty days after the void date will be

donated to the Legal Assistance Foundation of Metropolitan Chicago on a cy pres basis.

**H.    Release.**

1.      As consideration for this Agreement, and upon the Effective Date, Plaintiff Mami

F. Duhadway including each and every one of her respective agents, representatives, attorneys,

heirs, assigns or any other person acting on her behalf or for her benefit, and any person claiming

through her (collectively "Releasors") hereby releases and discharges Defendants as well as their

predecessors and successors in interest and present and former affiliates, subsidiaries, insurers,

officers, directors, agents, employees, members, shareholders, general partners, limited partners,

beneficiaries, representatives, heirs, attorneys and assigns (collectively "Released Parties") from

any and all claims, charges, complaints, demands, judgments, causes of action, rights of

contribution and indemnification, attorney's fees, costs and liabilities of any kind, whether

4

known or unknown, which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, relating to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in the Litigation.

2.      Each Class member not opting out, as of the Effective Date of the Agreement, releases and forever discharges the Released Parties from (a) all claims that were made or which could have been made by Plaintiff on behalf of herself or the Class, in law or in equity, for anything, of any kind or nature whatsoever, known or unknown at this time, that occurred from the beginning of time up through and including the date the Court grants final approval to the settlement arising from the allegations in the Complaint.

3.      Notwithstanding anything to the contrary in this Agreement, each member of the Class specifically does not release any claims which were brought on behalf of a class in Urbaniak v. Credigy Receivable Services, Inc., Case No. 07 CV 6326 (N.D.Ill.)

4.      Defendants do NOT release their claims against any members of the Class for the payment of debt. The underlying debts any Defendants sought to collect are not affected by this Agreement. This Agreement does not prevent Defendants from continuing to attempt to collect the debts allegedly owed by Class members. or prevent Class members from asserting any defenses they may have to the debts. In particular, Class members do not release any claims or defenses they may have regarding (1) whether any debt is in fact owed or (2) the crediting of payments on any debt.

5.      This release is conditioned upon the approval of the Agreement by the Court and Defendants' meeting their obligations therein.

5

6.      If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

**I.      Attorney's Fees, Notice Costs and Related Matters.**

1.      Plaintiff's counsel will receive, subject to court approval, $10,000 as the total attorney's fees and costs incurred in the Litigation.  Plaintiff's counsel will not request additional fees or costs from Defendants or the Class, and Defendants will not oppose or cause to be opposed an application for total attorneys' fees and costs in an amount not to exceed $10,000. Defendants shall pay Plaintiff's counsel by the Effective Date.

2.      Defendants will bear the costs of notice and settlement administration.

3.      The parties may destroy documents generated in Class administration six months after the final order is entered and no longer subject to appeal.

**J.      Notice.**

Defendants will cause notice to be provided to the Class by U.S. Mail. Defendants shall, within 21 days of entry of the Preliminary Approval Order, cause actual notice, in the form of Exhibit A, to be sent to the last known addresses of Class members, according to Defendants' records.  Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, Defendants shall forward any such returned notice to the address provided as soon as practicable. Class members shall have 60 days from the date notice is sent to opt out or object to the settlement.

**K.      Preliminary approval.**

1.      As soon as practicable after execution of the Agreement, the parties shall make

6

application to the court for an order which:

        a.      Preliminarily approves this Agreement.

        b.      Schedules a hearing for final approval of the Agreement by the Court.

        c.      Approves the form of notice to the Class, to be directed to the last known address of the Class members as shown on Defendants' records.  If as a result of the mailing, a forwarding address is furnished by the Postal Service but the notice is not forwarded by the Postal Service, the notice will be re-mailed to the address(es) provided.

        d.      Finds that mailing of the class notice and the other measures specified in Section J is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

2.      The parties agree to request the form of notice attached hereto as <u>Exhibit A</u> and propose the form of preliminary approval order attached hereto as <u>Exhibit B</u>. The fact that the court may require non-substantive changes in the notice or order does not invalidate this Agreement.

**L.    Final                                    approval.**

1.      At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of the Agreement, counsel for the Class and counsel for Defendants shall request that the court enter a Final Order (a) approving the terms of the Agreement as fair, reasonable and adequate, (b) providing for the implementation of those terms and provisions, (c) finding that the stipulated class meets all the requirements of Rule 23, (d) finding that the notice given to the Class satisfies the requirements of due process and Rule 23, (e) dismissing the claims of Plaintiff and the Class without prejudice and without costs and retaining jurisdiction to enforce the provisions of this Agreement.

2.      The parties agree to request the form of final order attached hereto as <u>Exhibit C</u>. The fact that the court may require non-substantive changes in the final order does not invalidate this Agreement.

**M.      Dismissal with prejudice.**

3.      Within 14 days of the Effective Date, the Defendant shall file a Notice of Compliance that Defendants have complied with the terms of the agreement and all Class members who have timely returned claim forms have been issued checks.  Ten days after the Notice of Compliance has been filed, the Court shall enter an order converting the dismissal to a dismissal with prejudice absent a timely motion by either Plaintiff or Defendants.

**N.      Release of Attorney's Lien.**

In consideration of this Agreement, Plaintiff's counsel hereby waives, discharges and releases the "Released Parties" as defined in paragraph 1 of Section H above of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Plaintiff's counsel in connection with this case. Plaintiff's counsel further represent and certify that they will pay any amounts due for attorneys' fees pursuant to agreement with them, and hold the Released Parties harmless from any such claim.

**O.      Miscellaneous provisions.**

1.      Whether or not this Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendants of any liability or wrongdoing whatsoever.

2     The parties and their attorneys agree to cooperate fully with one another in seeking court approval of the Agreement, and to use their best efforts to effect the consummation of this agreement and the settlement provided for herein.

3.     Notices of objections to this Agreement shall be sent to:

> Daniel A. Edelman
> Tiffany N. Hardy
> EDELMAN, COMBS, LATTURNER AND GOODWIN, LLC
> 120 South LaSalle Street
> Suite 1800
> Chicago, IL  60603

and notices to Defendant shall be sent to:

> David M. Schultz
> Jennifer W. Weller
> HINSHAW & CULBERTSON, LLP
> 222 N. LaSalle Street
> Suite 300
> Chicago, Illinois 60601

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

4.     The foregoing constitutes the entire agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

5.     This Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes.  The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.

6.     Each and every term of this Agreement shall be binding upon and inure to the benefit of Plaintiffs, the members of the class, and any of their successors and personal

representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on _____ , 2008.

Individually and as Class Representative:

_____
Mami F. DuHadway

Attorneys for Mami F. DuHadway and the class:

_____
Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0479 (FAX)

Credigy Receivables, Inc.

BY:

_____
Its duly authorized representative

Credigy Services Corp.

BY:

10

_____

Its duly authorized representative

Approved as to form:

_____

Attorneys for Defendant:
David M. Schultz
Jennifer W. Weller
HINSHAW & CULBERTSON, LLP
222 N. LaSalle Street
Suite 300
Chicago, Illinois 60601
(312) 704-3000
(312) 704-3001 (FAX)

11

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

# If Credigy Receivables, Inc. or Credigy Services Corp. reported to a credit reporting agency that a debt was no longer disputed by you, you may benefit from this class action settlement.

*This case is titled DuHadway v. Credigy Receivables, Inc., et al. Case No. 08 CV 852.*
*A Federal court authorized this notice. This is not a solicitation from a lawyer.*
*This is <u>not</u> an attempt to collect a debt from you.*

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **RETURN A CLAIM FORM BY _____, 2008** | By returning a claim form by _____, 2008, you will remain in the settlement class and you will be entitled to receive a settlement check from the settlement fund. |
| **DO NOTHING BUT STAY IN THE CLASS AND BE BOUND BY THE SETTLEMENT** | By doing nothing you will still be bound by the terms of the settlement agreement and any order the Court issues, but you will not receive a portion of the settlement fund. |
| **EXCLUDE YOURSELF FROM THE CLASS AND THE SETTLEMENT** | You will receive no benefits, but you will not be giving up your legal claims against the Defendants. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court about why you don't like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

**These rights and options and the deadlines to exercise them are explained below.**

### 1.  Why did I get this notice?

You received this notice because you have been identified from the records of Defendants, Credigy Receivables, Inc. ("CRI") and Credigy Services Corp ("CSC") (collectively "Defendants") as being a class member. Specifically, you have been identified as a person from whom Defendants attempted to collect a debt and reported to a credit reporting agency, such as Equifax, Experian, or Trans Union, that your dispute of the debt had been resolved. This reporting would have occurred sometime between February 8, 2007 and February 20, 2008. You received this notice because you have a right to know about a proposed settlement of a class action lawsuit brought against Defendants.

### 2.  What is this lawsuit about?

In this lawsuit, Plaintiff claimed that the Defendants violated the Fair Debt Collection Practices Act ("the Law"). Plaintiff alleged that Defendants attempted to collect a debt from her and that

she disputed it. Plaintiff alleged that, before her dispute had been resolved, Defendants reported to credit reporting agencies, such as Equifax, Experian, or Trans Union, that her dispute had been resolved when in fact it had not been resolved. Plaintiff claims that Defendants reported each class member's debt as resolved, regardless of whether any class member had disputed the debt or whether the debt had in fact been resolved. Plaintiff claims that the Law prohibits Defendants' conduct. Defendants deny that their conduct violated the Law.

### 3.   Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Mami F. DuHadway), sue on behalf of a group (or a "Class") of people who have similar claims.

### 4.   Why is there a settlement?

In order to avoid the cost, risk, and delay of litigation, the parties agreed to settle the case.

### 5.   How do I know if I am a part of the settlement?

The Court has decided that anyone who meets the following definition is a member of the Class:

(a) all persons (b) in Illinois (c) with respect to whom defendants, or any of them, have reported to a consumer reporting agency that a dispute has been resolved, (d) where the debtor has not acknowledged in writing the largest amount claimed by defendants or paid the largest amount claimed by defendants, (e) and such a report has been made during a period beginning February 8, 2007 and ending February 28, 2008.

According to Defendants' records, you are a class member.  Defendants have identified approximately 538 class members, including yourself.

## YOUR BENEFITS UNDER THE SETTLEMENT

### 6.   What can I get from the settlement?

If you return the claim form at the end of this Notice by _____, 2008,  you will be entitled to a portion of the Class Recovery. Defendants have agreed to pay $8,000 to Class members who send in a claim form. There are approximately 538 class members. If all Class members return a claim form, which is unlikely, each claimant will receive $14.86. Class Counsel expects that between 10-20% of the Class members will return a claim form and that each claimant will likely receive between approximately **$75.00** and **$150.00**.  How much you actually receive will depend entirely on how many Class members send in claim forms.

### 7.   When will I receive these benefits?

You will receive these benefits approximately 45 days after the Court enters a Final Approval Order.

| **8.  I want to be a part of the settlement and receive these benefits.  What do I do?** |

You need to return the claim form at the end of this Notice by _____, 2008.

| **9.  What am I giving up to receive these benefits?** |

By staying in the class, all of the Court's orders will apply to you, and you give Defendants a "release."  A release means you cannot sue or be part of any other lawsuit against Defendants about the claims or issues in this lawsuit.

| **10.  How much will the Class Representative receive?** |

Plaintiff Mami F. DuHadway will receive a payment of $1,000 for her statutory damages.  In addition, Defendants agree to release and cease collecting her MBNA debt described in the Agreement, not to sell it and to request the credit reporting agencies delete the Defendants' tradeline, if any, for the MBNA debt.  This is subject to the Court's Approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive the benefits of the settlement, but you want to keep your legal claims against the Defendants, then you must take steps to get out.  This is called excluding yourself.

| **11.  How do I get out of the settlement?** |

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *DuHadway v. Credigy Receivables, Inc., et al.,* No. 08 CV 852, (N.D. Ill.) Be sure to include your name, address, telephone number, and your signature.  You must mail your exclusion request so that it is postmarked **no later than _____, 2008,** and sent to the following address:

Clerk of the Court
United States District Court for the Northern District of Illinois
219 S. Dearborn Street, Chicago, IL 60604

You must also send a copy of your request for exclusion to:

| Daniel A. Edelman (#20714) | David M. Schultz |
| Tiffany N. Hardy | Jennifer W. Weller |

Edelman, Combs, Latturner & Goodwin, LLC          Hinshaw & Culbertson, LLP
120 S. LaSalle Street, Suite 1800                 222 N. LaSalle St., Suite 300
Chicago, IL 60603                                 Chicago, IL 60601

Be sure to include the name and number of the case.

| 12.  If I exclude myself, do I still receive benefits from this settlement? |
|---|

No, you will not receive anything resulting from the settlement of this case, but you will have the
right to sue the Defendants over the claims raised in this case, either on your own or as a part of a
different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit
(called the "statute of limitations") will begin to run again. You will have the same amount of
time to file the suit that you had when this case was filed.

## THE LAWYERS REPRESENTING YOU

| 13.  Do I have a lawyer in this case? |
|---|

The Court has named the law firm of Edelman, Combs, Latturner & Goodwin, LLC as the
attorneys for the Class. ("Class Counsel") You will not be charged for these lawyers; however
they will receive a payment in the amount of $10,000, if that amount is approved by the Court.
Contact information for Class Counsel appears at the end of this notice. If you want to be
represented by your own lawyer, you may hire one at your own expense.  If you choose to hire
your own lawyer, he or she must file an appearance by _____.

| 14.  How will the lawyers be paid? |
|---|

Class Counsel will ask the Court to approve attorney's fees and expenses of no more than
$10,000.00.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

| 15.  Is this a fair settlement? |
|---|

Class Counsel believes that this settlement is fair. Plaintiff claims Defendants violated the Fair
Debt Collection Practices Act. ("FDCPA")  The FDCPA is a federal law which provides for both
individual lawsuits and lawsuits on behalf of a class of people, called "class actions." In an
individual lawsuit, the person bringing the suit may recover (i) any actual damages suffered; and
(ii) statutory damages of between $0 and $1,000.00.  (Plaintiff's complaint did not allege actual
damages.)

In a class action, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) the lesser of 1% of the Defendant's net worth or $500,000.00. The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit can also recover attorney's fees and the expenses of prosecuting the suit, if successful.

In this case, based on Class counsel's considered opinion regarding Defendants' net worth, Class counsel believes the settlement is fair and reasonable. The class recovery of $8,000 will be divided between those 538 class members who submit a claim form. Class Counsel expects that approximately 10-20% Class members will return a claim form, and that claimants will receive between $75 and $150. How much you actually recover will depend entirely on how many Class members send in claim forms.

| 16. What is the Defendant's view of this settlement? |
| --- |

As stated above, by settling this lawsuit, Defendants are not admitting that they have done anything wrong. Defendants expressly deny the claims asserted by the Plaintiff and deny all allegations of wrongdoing and liability.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| 17. How do I tell the Court that I don't like the Settlement? |
| --- |

If you're a class member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *DuHadway v. Credigy Receivables, Inc., et al.,* No. 08 CV 852 (N.D. Ill.), your name, address, telephone number and your signature. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 18).

You must mail your objection so that it is postmarked no later than _____ to:

Clerk of the Court
United States District Court for the Northern District of Illinois
219 S. Dearborn Street, Chicago, IL 60604

You must also send a copy of your objection to:

Daniel A. Edelman (#20714)                          David M. Schultz
Tiffany N. Hardy                                          Jennifer W. Weller

Edelman, Combs, Latturner & Goodwin, LLC      Hinshaw & Culbertson, LLP
120 S. LaSalle Street, Suite 1800              222 N. LaSalle St., Suite 300
Chicago, IL 60603                              Chicago, IL 60601

Be sure to include the name and number of the case.

## THE FAIRNESS HEARING

After the deadline for sending in claim forms has past, the Court will hold a hearing to decide whether to approve the settlement.  You may attend if you wish, but you are not required to do so.

| 18.  Where and when is the fairness hearing? |
| --- |

The Court will hold a fairness hearing on _____ at _____ a.m. in the courtroom of Judge William Hibbler, Room 1225 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, IL 60604.  The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable and adequate and in the best interests of the class and to determine the appropriate amount of compensation for the Class Counsel.  At that hearing the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

The hearing may be postponed to a later date without notice.

You are not required to come to the fairness hearing.

## GETTING MORE INFORMATION

| 19.  How do I get more information? |
| --- |

You can call Edelman, Combs, Latturner & Goodwin, LLC, the firm representing the class, at (312) 917-4200, if you have any questions.  Before doing so, please read this full notice carefully.  You can also send an email to: info@edcombs.com or obtain information through their website at www.edcombs.com.

| 20.  What if I have a new address? |
| --- |

If this notice was sent to you at your current address, you do not have to do anything more to receive further notices concerning this case.  However, if this notice was forwarded to you, or if it was otherwise sent to you at an address that is not current, you should immediately send a letter to the address listed below:

First Class, Inc.
Class Action Administration
5410 W Roosevelt Rd Unit 222
Chicago, IL 60644-1570

---

# PROOF OF CLAIM FORM

RE:    DuHadway v. Credigy Receivables, Inc., et al. Case No. 08 CV 852

I WISH TO PARTICIPATE IN THE SETTLEMENT BENEFITS

IMPORTANT: THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE
_____, 2008 AND MAILED TO THE FOLLOWING ADDRESS:

FIRST CLASS, INC.
CLASS ACTION ADMINISTRATION
5410 W ROOSEVELT RD UNIT 222
CHICAGO, IL 60644-1570

PLEASE LEGIBLY PRINT THE FOLLOWING INFORMATION:

NAME:                          _____

MAILING ADDRESS:                _____

                               _____

IF YOUR NAME DIFFERS FROM THAT WHICH APPEARS ON THE MAILING LABEL, PLEASE NOTE
THE NAME OF THE PERSON TO WHOM THIS NOTICE WAS ADDRESSED HERE:

_____

IF THIS NOTICE WAS MAILED TO AN ADDRESS OTHER THAN YOUR CURRENT ADDRESS, PLEASE
NOTE THE ADDRESS HERE:

_____

_____

SIGNATURE:                     _____

CHICAGO\2410465.1
ID\RLZ

6274216v1 875899

EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN  DIVISION**

| | | |
|---|---|---|
| MAMI F. DUHADWAY, | ) | |
| individually and on behalf of a class | ) | 08-C-852 |
| | ) | |
| Plaintiff, | ) | Judge Hibbler |
| | ) | Magistrate Judge Schenkier |
| v. | ) | |
| | ) | |
| CREDIGY RECEIVABLES, INC.; | ) | |
| CREDIGY SERVICES CORP.; | ) | |
| | ) | |
| Defendants. | ) | |

**PRELIMINARY APPROVAL ORDER**

This matter coming before the Court on the parties' motion for preliminary approval of a Class Settlement Agreement ("Agreement") between Plaintiff, Mami F. DuHadway, ("Plaintiff") and Defendants, Credigy Receivables, Inc. ("CRI"), Credigy Services Corp. ("CSC") (collectively the "Defendants") and notice to the class, the Court being fully advised in the premises,

**IT IS HEREBY ORDERED:**

1.    The Court finds that the proposed Settlement and Release, the terms of which are fully set forth in the Agreement, as within the range of fairness and reasonableness and grants preliminary approval to it.

2.    For the purposes of settlement, the parties stipulate to the certification of the class defined as follows:

(a) all persons (b) in Illinois ( c) with respect to whom defendants, or any of them, have reported to a consumer reporting agency that a dispute has been resolved, (d) where the debtor has not acknowledged in writing the largest amount claimed by defendants or paid the largest amount claimed by defendants, (e) and such a report has been made during a period beginning February 8, 2007 and ending February 28, 2008.

The class described above includes approximately 538 persons. Edelman, Combs, Latturner, & Goodwin, LLC is appointed as Class Counsel.

3.      A hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the class will be held before this Court on (*at least 90 days from the entry of this order*) at _____ a.m./p.m.

4.      The Court approves a proposed form of notice to the class, to be directed to the last known address of the class numbers as shown on Defendants' records. Defendants will cause notice to be mailed to class members on or before _____ 2008 (*21 days from the entry of this Order*).  Defendants will have the notice sent by any form of U.S. Mail.  Defendants will also bear the cost of distribution of the settlement checks.

5.      The Court finds that mailing of class notice is the only notice required and that such notice satisfies the requirements of due process and Fed.R.Civ.P.23(c)(2)(B).

6.      Class members shall have until _____, 2008 (*60 days from initial mailing*) to opt out of object to the proposed settlement.  Any class members desiring to exclude themselves from the action must file their request for exclusion with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division and serve copies of the request on counsel for both Plaintiff and Defendants by that date. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division and serve copies of the objection on counsel for both Plaintiff and Defendants by that date. Any objection must include the name and number of the case

and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class.  Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of a settlement.

       7.     In order to receive a portion of the cash payment under the settlement, the class members must complete and return a claim form by _____, 2008 (60 *days after initial mailing*).  The claim form will be sent with the class notice.


                 ENTERED:

                 _____

                 The Honorable William J. Hibbler

                 DATE:_____

EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN  DIVISION**

| | | |
|---|---|---|
| MAMI F. DUHADWAY, | ) | |
| individually and on behalf of a class | ) | 08-C-852 |
| | ) | |
| Plaintiff, | ) | Judge Hibbler |
| | ) | Magistrate Judge Schenkier |
| v. | ) | |
| | ) | |
| CREDIGY RECEIVABLES, INC.; | ) | |
| CREDIGY SERVICES CORP.; | ) | |
| | ) | |
| Defendants. | ) | |

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

This matter came on for hearing on _____, 2008, upon the application of the Parties for approval of the settlement set forth in the Class Settlement Agreement ("Agreement") dated as of _____, 2008.  Due and adequate notice having been given to the Class, and the Court having considered the Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.     On _____, this Court preliminarily approved the Class Settlement Agreement reached between Plaintiff Mami F. DuHadway and Defendants Credigy Receivables, Inc. ("CRI") and Credigy Services Corp. ("CSC") (collectively "Defendants") for the claims alleged in the above-captioned matter. The Court approved notice for mailing to the Class. The Court is informed that actual notice was sent by first-class mail to _____ Class members (counting couples and other joint persons as a single Class member).  A total of _____

1

envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and _____ envelopes were returned and re-mailed to a forwarding address. _____ Class members requested exclusion and _____ objections were filed or received.

2.      The Court, for purposes of this Final Order of Dismissal (the "Final Order"), adopts all defined terms as set forth in the Agreement.

3.      The Court has jurisdiction over the subject matter of the Litigation, the Plaintiff and Class Representative, the other Members of the Class, and the Defendants.

4.      The Court finds that the distribution of the notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all persons meeting the definition of the Class, and fully met the requirements of Illinois law and due process under the United States Constitution.

5.      The Court approves the settlement of the above-captioned actions, as set forth in the Agreement, each of the releases and other terms, as fair, just, reasonable and adequate as to the Parties.  The Parties are directed to perform in accordance with the terms set forth in the Agreement.

6.      Except as to any individual claim of those Persons (identified in Appendix A hereto) who have validly and timely requested exclusion from the Class, all of the Released Claims are dismissed without prejudice as to the Plaintiff and Class Representative and the other Members of the Class, and as against the Released Parties, which dismissal will convert to a dismissal with prejudice after Defendants file a Notice of Compliance as set forth in Paragraph 17.  The Parties are to bear their own costs, except as otherwise provided in the Agreement.

7.      Solely for purposes of effectuating this settlement this Court has certified

a Class of all Persons who satisfy the following criteria.  The Class is defined to include:

(a) all persons (b) in Illinois (c) with respect to whom defendants, or any of them, have reported
to a consumer reporting agency that a dispute has been resolved, (d) where the debtor has not
acknowledged in writing the largest amount claimed by defendants or paid the largest amount
claimed by defendants, (e) and such a report has been made during a period beginning February
8, 2007 and ending February 28, 2008.

8.      The Court finds that the stipulated class meets the requirements of Rule 23.

Specifically the Court finds that:

(a)      The class is so numerous that joinder is impracticable.

(b)      There are questions of law and fact common to the members of the class,

which common questions predominate over any questions that affect only individual class

members.

(c)      Plaintiff's claims are typical of the claims of the class members.

(d)      Plaintiff and class counsel have fairly and adequately represented the

interests of the class members.

(e)      A class action is superior to other alternative methods of adjudicating the

issues in dispute between the parties.

9.      Excluded from the Class are those Persons (identified in Appendix A hereto) who

timely and validly requested exclusion.

10.     Plaintiff Mami F. Duhadway including each and every one of her respective

agents, representatives, attorneys, heirs, assigns or any other person acting on her behalf or for

her benefit, and any person claiming through her (collectively "Releasors") hereby releases and

discharges Defendants as well as their predecessors and successors in interest and present and

3

former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys and assigns (collectively "Released Parties") from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution and indemnification, attorney's fees, costs and liabilities of any kind, whether known or unknown, which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, relating to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in the Litigation.

11.    Each Class member not opting out, as of the Effective Date of the Agreement, releases and forever discharges the Released Parties from (a) all claims that were made or which could have been made by Plaintiff on behalf of herself or the Class, in law or in equity, for anything, of any kind or nature whatsoever, known or unknown at this time, that occurred from the beginning of time up through and including the date the Court grants final approval to the settlement arising from the allegations in the Complaint.

12.    Notwithstanding anything to the contrary in this Agreement, each member of the Class specifically does not release any claims which were brought on behalf of a class in *Urbaniak v. Credigy Receivable Services, Inc.*, Case No. 07 CV 6326 (N.D.Ill.)

13.    Defendants do NOT release their claims against any members of the Class for the payment of debt. The underlying debts any Defendants sought to collect are not affected by this Agreement. This Agreement does not prevent Defendants from continuing to attempt to collect the debts allegedly owed by Class members. or prevent Class members from asserting any

defenses they may have to the debts. In particular, Class members do not release any claims or defenses they may have regarding (1) whether any debt is in fact owed or (2) the crediting of payments on any debt.

14.    Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement:

(a)    is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or

(b)    is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Agreement and/or the Order from this Litigation may be used in any other action in order to support a defense or counterclaim based on the existence of the Agreement, such as res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

15.    The Court dismisses the claims of Plaintiff and the Class against Defendants and the Released Parties without prejudice and without costs.

16.    Within fourteen (14) days of this Order, Defendant shall file a notice ("Notice of Compliance") that Defendants have complied with the terms of the Agreement and all Class members who timely returned a claim form have been issued checks.

17.    The dismissal of this action will be converted to a dismissal with prejudice

5

ten (10) days after the Notice of Compliance has been filed, absent a timely motion by either Plaintiff or Defendants.

18.    The Parties are directed to perform the Agreement.

19.    The Court has reviewed Class Counsel's petition for attorney's fees and costs. The Court grants the petition, finding the fees and costs requested to be fair and reasonable. Plaintiffs' counsel is awarded $_____ in attorney's fees and Defendants are directed to pay those fees as set forth in the Agreement.

20.    The Court reserves exclusive and continuing jurisdiction over the Litigation, the Plaintiff and Class Representative, the Class and the Released Parties for the purposes of: supervising the implementation, enforcement, construction, administration and interpretation of the Agreement and this Order.

IT IS SO ORDERED

DATED: _____          By:_____
                                Honorable Judge William J. Hibbler
                                United States District Judge

6